UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST LABORERS-EMPLOYERS HEALTH & SECURITY TRUST, et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>CROSBY RESTORATION, INC.,<br><br>                    Defendant. | Case No. C12-429-BAT<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs Northwest Laborers-Employers Health & Security Trust, Western Washington Laborers-Employers Pension Trust, Northwest Laborers-Employers Training Trust (Trusts), and Washington and Northern Idaho District Council of Laborers and its affiliated Union Locals (Union), filed the current action to recover unpaid contributions to employee benefit plan trust funds from defendant Crosby Restoration, Inc. Dkt. 1. Plaintiffs have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). Dkt. 16. The defendant has not filed a response in opposition. Having considered the motion and the remaining record, the Court hereby **GRANTS** plaintiffs' motion for summary judgment.

## DISCUSSION

The material facts, as proffered by plaintiffs, are undisputed. Plaintiffs instituted this action on March 12, 2012, to recover unpaid contributions, liquidated damages, interest,

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1

attorney's fees, auditor fees, and costs against defendant. The Trusts are third-party beneficiaries to a labor agreement between the Union and the defendant. Dkt. 1 at 2.

On November 1, 2002, defendant entered a "Laborers Compliance Agreement" (LCA) with the Union, obligating itself to make employee benefit contributions to the Trusts. Dkt. 17, Ex. A. In signing the LCA, defendant further agreed to abide by the Trusts' trust agreements. *Id.* The agreements provide that contributions must be paid to the Trusts by or on the 15th of the month in which they are due, and must include all work performed prior to the close of the employer's last payroll record. *Id.* They further require that contributions be accompanied by regular monthly reports from the employer. *Id.* Should an employer fail to file a report or make its contribution by the first of the month after the month when either were due, it is subject to liquidated damages of twenty-five dollars or 15% of the delinquent payment, whichever is greater. *Id.*

Pursuant to the LCA, the Trusts conducted a payroll audit on defendant by comparing payroll records to the amount of funds provided for employee contributions. Dkt. 17, Ex. C. The audit revealed that defendant failed to pay all contributions and wage deductions as required under the LCA from January 2005 through September 2010. Dkt. 16; Dkt. 17 Ex. C. The defendant was notified of and given the opportunity to respond to the finding of delinquent contributions, but was unresponsive. Plaintiffs calculate that defendant owes $33,608.72 in employee benefit contributions and wage deductions, $4,494.62 in liquidated damages, $21,909.87 in interest (through December 7, 2012, this motion's noting date), $1,258.75 in auditor fees, $493.85 in costs, and $4,906.90 in attorney's fees. Dkt. 16. Plaintiffs' calculations amount to a total of $66,672.59.

Summary judgment is appropriate when, viewing the evidence in the light most favorable

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 2

to the nonmoving party, there exists "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, it is entitled to summary judgment if the nonmoving party fails to present specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Under 29 U.S.C. § 1145, an employer who is obligated to make contributions to an employee benefit plan must make the contributions in accordance with the terms of the governing labor agreement. Under 29 U.S.C. § 1132(g)(2), in an action seeking payment of delinquent contributions in which the court awards judgment in favor of the plan, the court shall award the plan:

 (A) the unpaid contributions,
 (B) interest on the unpaid contributions,
 (C) an amount equal to the greater of—
  (i) interest on the unpaid contributions, or
  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
 (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
 (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Plaintiffs have shown, and defendant does not dispute, that defendant was obligated to pay contributions to the Trusts under the terms of the LCA, that defendant failed to pay the full amount of its contributions from January 2005 through September 2010, and that defendant is therefore liable for the unpaid contributions, interest on the unpaid contributions, liquidated

1  damages equal to 15% of the unpaid contributions, and attorney's fees, auditor's fees, and costs.

2  Accordingly, the Court **ORDERS:**

3  1. Plaintiffs' motion for summary judgment (Dkt. 16) is **GRANTED**.

4  2. Judgment is awarded in favor of plaintiffs against defendant in the amounts hereinafter listed, which amounts are due to plaintiff for the employment period of January 2005 through September 2010 for Northwest Laborers-Employers Health & Security Trust, Western Washington Laborers-Employers Pension Trust, and Northwest Laborers-Employers Training Trust:

   A. $33,608.72 in employee benefit contributions and wage deductions;

   B. $4,494.62 in liquidated damages;

   C. $21,909.87 in interest;

   D. $1,258.75 in auditor fees;

   E. $493.85 in costs; and

   F. $4,906.90 in attorney fees.

DATED this 14th day of December, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge